# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 1:24-cv-00218-LCB-JEP

| | |
|---|---|
| **FN HERSTAL, S.A., and FN AMERICA, LLC**, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) ) |
| **STURM, RUGER & CO., INC.**, | ) ) |
| Defendant | ) ) ) |

## STURM, RUGER & CO., INC.'S ANSWER
## TO FN HERSTAL, S.A. AND FN AMERICA, LLC'S COMPLAINT

Defendant Sturm, Ruger & Co., Inc. ("Ruger") answers the Complaint (Doc. 1) filed by Plaintiffs FN Herstal, S.A. ("FNH") and FN America, LLC ("FNA") (collectively "FN") as follows:

1. Ruger admits that FN's Complaint purports to allege claims for trademark infringement and unfair competition under the Lanham Act, unfair and deceptive trade practices under North Carolina's Unfair and Deceptive Trade Practices Act, and trademark infringement and unfair competition under North Carolina common law. Ruger denies that there is any basis for FN's claims and/or that FN is entitled to any relief.

## PARTIES

2. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 2, and therefore denies them.

3. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 3, and therefore denies them.

4. Ruger admits that it is a corporation organized and existing under the laws of the State of Delaware and that it has corporate offices located at 1 Lacey Place, Southport, Connecticut 06890.

## JURISDICTION AND VENUE

5. Ruger admits that subject matter jurisdiction exists over FN's federal and state-law claims. Ruger denies that there is any basis for FN claims and/or that FN is entitled to any relief.

6. Ruger admits that this Court has specific personal jurisdiction over it solely for the purposes of this case, but denies that there is general personal jurisdiction. Ruger denies the remaining allegations of Paragraph 6.

7. Ruger denies that its products are infringing. Ruger admits that its products are offered to consumers through two-step distribution, including consumers in this District.

8. Ruger denies that its goods are infringing. Ruger admits that it maintains a manufacturing and customer service facility in Mayodan, North Carolina, which is within Rockingham County.

9. Ruger admits that venue is proper in this District solely for the purposes of this case. Ruger denies that its mark is infringing and denies that there is any basis for FN's claims and/or that FN is entitled to any relief.

# FACTS

10. Ruger admits that FNH manufactures and distributes various firearms. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 10 and therefore denies them.

11. Ruger admits that FN offers certain firearms using the designation SCAR. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 11 and therefore denies them.

12. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 12 and therefore denies them.

13. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 13 and therefore denies them.

14. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 14 and therefore denies them.

15. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 15 and therefore denies them.

16. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 16 and therefore denies them.

17. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 17 and therefore denies them.

18. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 18 and therefore denies them.

19. Ruger admits that, according to the U.S. Patent and Trademark online records, FNH is the owner of U.S. Reg. No. 5,314,134, which was filed on April 22, 2008 and issued on October 24, 2017 and U.S. Reg. No. 4,100,728, which was filed on January 13, 2011 and issued on February 21, 2012. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 19 and therefore denies them.

20. Ruger admits that, according to the U.S. Patent and Trademark online records, U.S. Reg. Nos. 5,314,134 and 4,100,728 are identified as having achieved incontestable status. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 20 and therefore denies them.

21. The allegations in Paragraph 21 call for a legal conclusion, to which no response is required. To the extent a response is required, Ruger is without knowledge or information sufficient to form a belief about the allegations of Paragraph 21 and therefore denies them.

22. The allegations in Paragraph 22 call for a legal conclusion, to which no response is required. To the extent a response is required, Ruger admits that, according to Exhibits 3 and 4, FN has claimed a priority date of November 12, 2007 for Registration No. 5,314,134 and has claimed a priority date of September 8, 2010 for Registration No. 4,100,728. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 22 and therefore denies them.

23. Denied.

24. Ruger admits that, according to the U.S. Patent and Trademark online records, U.S. Reg. 4,100,728 covers "Action-target games using toy replicas of weapons; toy guns; model gun kits, scale models and toy replicas of weapons; toy ammunition and toy projectiles for replica weapon model kits, scale models and toy replicas of assault rifles; toy cases and toy holsters for replica weapon model kits, scale models and toy replicas of assault rifles; scale model kits, scale models and toy replicas of weapons for virtual shooting; stand-alone video game machines designed for use with replicas of weapons for virtual shooting; targets and electronic targets for shooting games" in International Class 28. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 24 and therefore denies them.

25. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 25 and therefore denies them.

26. Ruger denies the claim in the heading preceding Paragraph 26 that Ruger has infringed the asserted SCAR mark, let alone willfully. Turning to Paragraph 26, Ruger admits that it uses "SFAR" in connection with, and as an initialism for, its Small Frame Autoloading Rifle. Ruger denies that the Ruger "SFAR" is pronounced as the word "SFAR" rather than an abbreviation comprised of the individual letters S, F, A, and R, (pronounced separately and individually as S-F-A-R), which communicates the style of the firearm as a "Small Frame Autoloading Rifle." Ruger denies that the Ruger SFAR directly competes with FN's SCAR firearms. Ruger denies the SFAR trademark is infringing. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 26 and therefore denies them.

27. Ruger denies that it has violated FN's rights, either intentionally or unintentionally. Ruger admits that it has produced some materials referring to the Ruger Small Frame Autoloading Rifle as the SFAR without RUGER appearing immediately next to it. Ruger admits that the image reproduced in Paragraph 27 depicts a portion of a Ruger website page showing the Ruger SFAR, but denies that there is no reference to the well-known name and trademark "Ruger," as the full website page depicts the Ruger logo, references "Ruger" multiple times, and is located at www.Ruger.com – all of which clearly identify the source of the product. Ruger denies that Exhibit 5 is a true and accurate copy of the website page, as it appears to have been edited.

28. Ruger admits that it manufactures Ruger SFAR firearms at its Mayodan, NC facility and identifies the location of manufacture. Ruger denies that the SFAR mark is infringing. Ruger denies that it "touts" the location of its manufacturing facilities.

29. Ruger admits that it does not use hyphens when promoting its SFAR firearm, which is an initialism (like CIA, FBI, and BATFE – none of which use hyphens) and not an acronym. Ruger denies that the mark is infringing and denies that third-party commentary (which Plaintiff has not specifically identified with a source and therefore Ruger is without knowledge or information sufficient to form a belief as to the allegations related thereto) is "unsurprising." Ruger denies that the SFAR mark is pronounced as "SFAR" (not "S-F-A-R"). Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 29 and therefore denies them.

30. Ruger denies that the SFAR mark is infringing. Ruger is without knowledge or information sufficient to form a belief about what "FN understands" and therefore denies

6

it. Ruger denies that the Ruger SFAR is the "same" as or "very similar or nearly identical in size, purpose, weight, feel, color, caliber, capacity features and even style" to FN's SCAR firearms. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 30 and therefore denies them.

31. Ruger denies that the SFAR mark is infringing and/or "highly likely to cause confusion with FN's SCAR mark." Ruger admits that it sells firearms using the SFAR mark, including rifles chambered for the .308 Winchester and 7.62 x 51mm cartridges.

32. Ruger denies that the SFAR mark is infringing. Ruger admits that the top-image pictured in Paragraph 32 appears to be a Ruger SFAR. Ruger denies that the images provide an "example" of how the Ruger SFAR is "highly likely to cause confusion" with FN's SCAR mark (or that confusion is likely), as the two firearms depicted have substantial differences in appearance. Moreover, the image identified as "FN SCAR" depicts a firearm that appears to be available only to military and law enforcement and the Ruger SFAR is available to the general public.

33. Denied.

34. Denied.

35. Denied.

36. Ruger admits that, in an October 6, 2022 letter, FN demanded that Ruger cease use of the SFAR mark, that Ruger refused to do so, and that Ruger explained in detail why FN's position has no merit. Further answering, Ruger admits that, after the parties' last written correspondence, FN sat idly and silent for nearly a year before it filed the

7

Complaint, conveying to Ruger that FN abandoned its claims and no longer objected to Ruger's use of SFAR. Ruger denies the remaining allegations in Paragraph 36.

37. Denied.

38. Ruger denies that the SFAR mark is infringing. Ruger denies that the Ruger SFAR and FN's SCAR products are "promoted to the same or similar classes of prospective purchasers or end-users." Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 38 and therefore denies them.

39. Ruger denies that the SFAR mark is infringing. Ruger admits that the Ruger SFAR was advertised at the SHOT show. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 39 and therefore denies them.

40. Ruger denies that the SFAR mark is infringing. Ruger admits that the Ruger SFAR was promoted at the SHOT show. Ruger denies that the image in Paragraph 40 (and attached as Exhibit 7) shows Ruger utilizing SFAR as a standalone mark on marketing collateral or hangtags. Indeed, the print on the hangtag is not visible in the photograph and the photograph fails to capture the 27.5 foot x 8 foot Ruger sign located in the same booth such that no one could possibly associate the Small Frame Autoloading Rifle with any company other than Ruger. Ruger further denies that the image in Paragraph 40 (and attached as Exhibit 7) is a true and accurate photograph, as it appears to have been edited.

41. Ruger denies that the SFAR mark is infringing. Ruger admits that it markets the Ruger SFAR and that the Ruger SFAR was included in material promoting Ruger's

75th Anniversary, along with other Ruger firearms. Ruger denies that the image in Paragraph 41 (and attached as Exhibit 8) is a true and accurate depiction of a Ruger advertisement, as it appears to have been edited and specifically fails to include the Ruger logo located just below the SFAR mark.

42. Ruger denies that the SFAR mark is infringing. Ruger is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 42 and therefore denies them.

43. Ruger denies that the SFAR mark is infringing. Ruger admits that it has used SFAR without FN's consent or permission because such consent or permission are neither needed nor appropriate.

44. Denied.

45. Denied.

46. Ruger denies that the SFAR mark is infringing. Ruger admits that it is engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of Small Frame Autoloading Rifles using the SFAR mark throughout the United States. Ruger admits that it uses a superscript "TM" symbol after the SFAR mark on its website and in its marketing and promotional materials.

47. Denied.

## COUNT I
### Trademark Infringement Under Federal Law – 15 U.S.C. § 1114

48. Ruger repeats and incorporates by reference its answers to Paragraphs 1-47 of the Complaint.

49. Ruger admits that, according to the U.S. Patent and Trademark online records, FNH is the registered owner of SCAR Registrations (as defined).

50. Ruger admits that, according to the U.S. Patent and Trademark online records, the SCAR Registrations (as defined) are identified as having achieved incontestable status.

51. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 51 and therefore denies them.

52. Denied.

53. Denied.

54. Ruger admits that it is using the SFAR mark, that it has every right to do so, and that FN has objected to the use. Ruger denies the remaining allegations in Paragraph 54.

55. Denied. Ruger further denies that FN Herstal is entitled to any remedies.

## COUNT II
## Unfair Competition Under Federal Law - 15 U.S.C. § 1125(a)

56. Ruger repeats and incorporates by reference its answers to Paragraphs 1-55 of the Complaint.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

10

Case 1:24-cv-00218-LCB-JEP   Document 14   Filed 04/05/24   Page 10 of 15

61. Ruger admits that it is using the SFAR mark, that FN has objected to its use of the mark, and that Ruger explained that FN's position has no merit. Further answering, Ruger notes that, after the parties' last written correspondence, FN sat idly and silent for nearly a year before filing this Complaint, conveying to Ruger that FN understood that its claims have no merit and that it no longer objected to Ruger's use of SFAR. Ruger denies the remaining allegations in Paragraph 61.

62. Denied. Ruger further denies that FN is entitled to any remedies.

## COUNT III
## North Carolina Unfair and Deceptive Trade Practices Act – N.C. Gen. Stat. § 75-1.1, *et. seq*.

63. Ruger repeats and incorporates by reference its answers to Paragraphs 1-62 of the Complaint.

64. Ruger denies that the SFAR mark is infringing. Ruger admits the remaining allegations in Paragraph 64.

65. Denied.

66. Denied.

67. Denied.

## COUNT IV
## Trademark Infringement Under North Carolina Common Law

68. Ruger repeats and incorporates by reference its answers to Paragraphs 1-67 of the Complaint.

69. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 69 and therefore denies them.

11

70. Ruger is without knowledge or information sufficient to form a belief about the allegations in Paragraph 70 and therefore denies them.

71. Denied, including that the SFAR mark is infringing.

72. Denied.

73. Denied.

74. Denied. Ruger further denies that FN is entitled to any remedies.

## AFFIRMATIVE DEFENSES

1. FN's claims are barred, in whole or in part, by the equitable doctrines of laches and estoppel, including at least because FN has been on notice of Ruger's use of SFAR since at least as early as 2022 and, even after writing to Ruger, delayed nearly a year to file this lawsuit, which conveyed to Ruger that FN dropped its objection and has caused Ruger substantial prejudice.

2. FN's claims are barred, in whole or in part, by the doctrine of waiver.

3. FN comes to this Court with unclean hands, and thus its claims for equitable relief should be barred, in whole, or in part.

4. Ruger has not proximately caused any of FN's alleged harm or damages.

5. FN claims for damages should be barred, in whole or in part, due to FN's failure to mitigate its alleged harm or damages.

6. FN's claims for duplicative damages should be barred by the doctrine of election of remedies in order to prevent FN from recouping double redress for a single alleged wrong.

12

Case 1:24-cv-00218-LCB-JEP   Document 14   Filed 04/05/24   Page 12 of 15

7. Ruger reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, under the Lanham Act, and in law or in equity that may now exist or in the future be available based on discovery and further factual investigation of this case.

## PRAYER FOR RELIEF

WHEREFORE, Ruger respectfully requests a jury on all issues so triable and that this Court award Ruger the following:

A. An Order dismissing all of FN's claims with prejudice,

B. An Order directing FN to pay Ruger's costs and fees, and

C. Other relief as the Court may deem appropriate.

Dated: April 5, 2024

Respectfully submitted,

/s/ Lorin J. Lapidus
Lorin J. Lapidus, NC State Bar No. 33458
**NELSON MULLINS RILEY
 & SCARBOROUGH LLP**
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336-774-3329
Fax: 336-774-3299
lorin.lapidus@nelsonmullins.com

Douglas A. Rettew
Patrick J. Rodgers
**FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001
Telephone: (202) 408-4000
Fax: (202) 408-4400
doug.rettew@finnegan.com
patrick.rodgers@finnegan.com

R. Gordon Wright
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
Telephone: (404) 653-6400
Fax: (404) 653-6444
gordon.wright@finnegan.com

*Attorneys for Sturm, Ruger & Co., Inc.*

14

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

    /s/ Lorin J. Lapidus
Lorin J. Lapidus, NC State Bar No. 33458
Nelson Mullins Riley & Scarborough LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: 336-774-3329
Fax: 336-774-3299
lorin.lapidus@nelsonmullins.com
*Attorney for Defendant*