# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FN HERSTAL, S.A., and <br> FN AMERICA, LLC, <br><br> Plaintiffs, <br> v. <br><br> STURM, RUGER & CO., INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 1:24-cv-218-LCB-JEP <br> ) <br> ) <br> ) <br> ) |

## [PROPOSED] PROTECTIVE ORDER

Plaintiffs FN Herstal, S.A. ("FNH") and FN America, LLC ("FNA") (collectively "Plaintiffs" or "FN"), and Defendant Sturm, Ruger & Co., Inc. ("Defendant" or "Ruger") stipulate and agree between and among themselves, by and through their attorneys, to the entry of this Protective Order to govern the use, dissemination, and disclosure of certain documents and materials described below and obtained by the parties through discovery or otherwise in this action. The parties agree as follows:

### A. Scope of Order

This Protective Order will apply to all information, premises, documents, and things owned or controlled by the parties; any parents, subsidiaries, divisions, branches, affiliates, related companies, agents, or licensees of any party; or any other parties added or substituted in this case, that are subject to discovery in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced or otherwise provided, information obtained from inspection of premises or things, and answers to

1

requests for admission (hereafter "Information and Materials").

B. **Definitions**

1. Any party may designate Information and Materials as "Confidential" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, information of a business nature not generally available and that would be commercially beneficial, personnel records, or such other sensitive commercial information that is not publicly available.

2. As used in this Order, "Highly Confidential—Attorneys' Eyes Only" Information and Materials include trade secrets within the meaning of the Defend Trade Secrets Act and all Information and Materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, or to the public, lead to a significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others, or that would be non-public information that could be commercially beneficial to the recipient.

3. Information is not *Confidential* or *Highly Confidential—Attorneys' Eyes Only* if it is disclosed publicly in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient, except in call cases by means not constituting a breach of this Order. Information is likewise not *Confidential* or *Highly Confidential—Attorneys' Eyes Only* if a person can establish that it lawfully obtained the information independently

of this litigation.

### C. Marking Requirements

1. All Information and Materials deemed *Confidential* or *Highly Confidential—Attorneys' Eyes Only* will be so identified and labeled by the producing party.

2. If qualified Information and Materials cannot be labeled, they will be designated as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* in a manner to be agreed upon by the parties.

3. In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced or exchanged, but the other party, by its counsel, will have the right to examine the original, to be provided with a full and complete copy if available, and to call for production of the original at the trial in this action. However, nothing in this Stipulated Protective Order requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject to discovery. In accordance with Federal Rule of Evidence 502, except when a party intentionally waives attorney-client privilege or work-product protection by disclosing such information and indicating its intention to waive privilege to an adverse party, the disclosure of attorney-client or work-product protected information does not constitute a waiver in this or any other proceeding. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party will promptly upon discovery of such disclosure so advise the

3

receiving party in writing and request that the item(s) of information be returned, and no party to this action will thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

4. The identification and labeling specified in Paragraphs C.1, C.2, and C.3 of this Order will be made at the time when the answer to the interrogatory or the answer to the request for admission is served, and when a copy of the document or thing is provided to FN or Ruger. In the case of hearing and deposition transcript pages, the designating party will advise opposing counsel of the specific pages to be maintained in confidence within thirty (30) days after the receipt of the transcript or as otherwise agreed by counsel. During this period, the entire transcript will be designated *Highly Confidential—Attorneys' Eyes Only*.

5. If a disclosing party discovers a failure to mark qualified Information or Materials as *Confidential* or *Highly Confidential—Attorneys' Eyes Only*, the other party must be notified immediately, and the following corrective action will be taken:

(a) The receiving party will notify all persons who have received the Information and Materials that they are designated *Confidential* or *Highly Confidential—Attorneys' Eyes Only* and must be treated as designated in this Order;

(b) The receiving party will take all reasonable steps to place the applicable *Confidential* or *Highly Confidential—Attorneys' Eyes Only* label on the

designated Information and Materials; and

    (c)  The receiving party must treat the newly marked Information and Materials as set out in Paragraphs F and G of this Order.

  **D.**  **Designating Information and Documents**

  1.  In designating Information and Materials as *Confidential* or *Highly Confidential—Attorneys' Eyes Only*, a party will make such designation only as to that information that it in good faith believes to be *Confidential* or *Highly Confidential—Attorneys' Eyes Only* as defined in Paragraph B of this Order.

  2.  If counsel for a party believes that questions put to a witness being examined during a deposition will disclose *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel will notify opposing counsel and the deposition of such witness, or portions thereof, will be taken only in the presence of appropriate persons as defined in Paragraph F, counsel for the witness, if any, the stenographic reporter, and the officers or employees of the party whose *Confidential* or *Highly Confidential—Attorneys' Eyes Only* information is being disclosed.

  **E.**  **Redaction**

  Redacted versions of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* materials that no longer contain *Confidential* or *Highly Confidential—Attorneys' Eyes Only* information, and that are not subject to this Order, may be used for any proper purpose.

F. **Access to *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials**

1. It is the general intent of the parties to limit disclosure to the smallest number of persons, consistent with the needs of litigation.

2. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Confidential* under this Order is governed by this Order and is limited to the following persons:

    a. Outside lawyers and law firms filing appearances in this case, in-house counsel for FN, and in-house counsel for Ruger, including attorneys, law clerks, stenographic, clerical, and paralegal employees whose functions require access to such *Confidential* Information and Materials.

    b. Two employee representatives of FN and Ruger (in addition to the in-house counsel or members of the legal department covered by 2.a. above), identified to opposing counsel before they are given access to the *Confidential* Information or Materials, whose access to the *Confidential* Information or Materials is reasonably required to supervise, manage, or participate in this case and who have completed and signed the undertaking as set forth in Exhibit A.

    c. Independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties or employees of a FN/Ruger Competitor (defined below) (or their

6

parents, subsidiaries, divisions, branches, affiliates, or agents), and whose advice and consultation will be used by such party in connection with preparation of this case for trial. However, disclosures to such persons will be allowed only after the conditions set forth in Paragraph F.4 of this Order are satisfied. In no event may the parties or their counsel disclose any materials designated as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* to any FN/Ruger Competitor, i.e., manufacturers of firearms, ammunition, and related accessories, whether or not the FN/Ruger Competitor has executed Exhibit A and B to this Order.

3. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Highly Confidential—Attorneys' Eyes Only* under this Order is governed by this Order and is limited to outside counsel and their staff, as identified above in Paragraph F.2.a, and experts and their staff, as identified above in Paragraph F.2.c. and shall not include any in-house counsel and/or any employees of the parties or their related entities.

4. Prior to any disclosure of *Confidential* Information and Materials to those persons named in Paragraph F.2.b of this Order, disclosing counsel must obtain from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A. Prior to any disclosure of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials to those persons named in

7

Paragraph F.2.c. of this Order, disclosing counsel must provide to opposing counsel the identities of those persons and obtain from each such person a copy of a signed undertaking as set forth in Exhibit B, including any information requested by Exhibit B.

5. The parties will attempt to resolve any disagreements about the designation of Information and Materials designated as *Confidential* or *Highly Confidential— Attorneys' Eyes Only* on an informal basis before presenting the dispute to the Court by motion or otherwise. Acceptance by a party of Information and Materials as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* will not, of itself, constitute an admission that the designated Information and Materials is entitled to protection. If unable to resolve any such disagreements, the objecting party will file an appropriate motion with the Court. Information and Materials designated as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* will remain under the protection of this Stipulated Protective Order until there is an order of the Court to the contrary or until there is an express written agreement between the parties. No party will be obliged to challenge the proprietary of a *Confidential* or *Highly Confidential—Attorneys' Eyes Only* designation at the time of production, and failure to do so will not preclude a subsequent attack on the proprietary of such designation.

**G. Handling Confidential and Highly Confidential—Attorneys' Eyes Only Information and Materials**

1. Copies of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials will not be made public by the party to whom they are disclosed unless they become a part of the public record in this action by agreement of the parties or by order or action of the Court. *Confidential* or *Highly Confidential—Attorneys' Eyes Only*

Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials are filed pursuant to the Court's practices and procedures with respect to filing documents under seal in accordance with Local Rule 5.4.

2. Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action, all Information and Materials covered by this Order, except those in possession of the Court, must be destroyed, except that outside counsel may maintain one copy of all correspondence and pleadings and the Parties may maintain archival copies of materials if required by their retention policies and procedures.

**H. Miscellaneous**

1. This Order will not prevent a party from applying to the Court for relief from the Order or any part thereof, or for relief from its application in any circumstance, or from applying to the Court for further or additional protective agreements or orders.

2. This Order will survive the final termination of this or related proceedings to the extent that the *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials have not or do not become known to the public.

3. Neither party will use any information or materials obtained from the other in this case to violate any laws or regulations pertaining to firearms, including the International Traffic in Arms Regulations (ITAR) and/or the Export Administration Regulations (EAR).

4. No copy of any transcript of any deposition taken by any party that is

designated in part or in whole as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* will be furnished by the reporter to any person other than to counsel for the parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding will be filed with the Court or used during the trial in this action until the parties' outside counsel have had the opportunity to designate those portions, if any, of the transcript that are to be regarded as *Confidential* or *Highly Confidential—Attorneys' Eyes Only* as provided in Paragraph C.4. Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial must be filed under seal in accordance with Paragraph G of this Order and the Local Rules, unless otherwise agreed by the parties or ordered by the Court.

5. Each person having access to *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials under this Order must take all reasonable steps to comply with this Order.

6. Nothing in this Order will bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney will not make specific disclosure to any person of any *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials.

7. Any person bound by this Order may rely on a waiver or consent that is

made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent is either in writing or on record in a hearing, trial, or deposition transcript.

8. A person or an entity that is not a party to this litigation may take advantage of the protection of *Confidential* or *Highly Confidential—Attorneys' Eyes Only* Information and Materials provided by this Order, and such person or entity will be entitled to all rights and protections afforded the disclosing party under this Order.

The parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of the last dates shown below.

Respectfully submitted, this the 27th day of June, 2024.

| **WILLIAMS MULLEN, P.C.** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
|---|---|
| By: /Robert C. Van Arnam/ | By: /Lorin J. Lapidus/ |
| Robert C. Van Arnam, NC 28838<br>Andrew R. Shores, NC 46600<br>301 Fayetteville Street, Suite 1700<br>Raleigh, NC 27601<br>Telephone: (919) 981-4055<br>Facsimile: (919) 981-4300<br>Email: rvanarnam@williamsmullen.com<br>Email: ashores@williamsmullen.com<br><br>*Attorneys for Plaintiffs* | Lorin J. Lapidus, NC 33458<br>380 Knollwood Street, Suite 530<br>Winston Salem, NC 27103<br>Telephone: (336) 774-3329<br>Facsimile: (336)774-3299<br>Email: lorin.lapidus@nelsonmullins.com<br><br>**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**<br>Douglas A. Rettew (*pro hace vice*)<br>Patrick J. Rodgers (*pro hac vice*)<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400 |

Email: doug.rettew@finnegan.com
Email: patrick.rodgers@finnegan.com

R. Gordon Wright (*pro hac vice*)
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
Telephone: (404) 653-6400
Facsimile: (404) 653-6444
Email: gordon.wright@finnegan.com

*Attorneys for Defendant*

**IT IS SO ORDERED** on this ___ day of June, 2024.

_____
United States District Judge

# EXHIBIT A

*FN Herstal, S.A. v. Sturm, Ruger & Co., Inc.,*
**1:24-cv-218-LCB-JEP**
**United States District Court for the Middle District of North Carolina**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

I, _____, being duly sworn, state that:

1. My address is:

2. My employer is:

3. My present occupation or job description is:

4. I have received a copy of the Stipulated Protective Order in this case.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result in sanctions against me.

7. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" Information or Materials disclosed to me.

8. I will return all Information and Materials containing or disclosing "Confidential" Information and Materials that come into my possession, and Information

and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" Information and Materials.

      9.      I submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____      By: _____

**EXHIBIT B**

*FN Herstal, S.A. v. Sturm, Ruger & Co., Inc.,*
**1:24-cv-218-LCB-JEP**
**United States District Court for the Middle District of North Carolina**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

I, _____, being duly sworn, state that:

1. My address is:

2. My employer is:

3. My present occupation or job description is:

4. I have never been employed and am not currently employed by any of the parties in this case, or by any parents, subsidiaries, divisions, branches, affiliates, or competitors of any of the parties in any capacity other than as an expert, consultant, or translator in this proceeding.

5. I have received a copy of the Stipulated Protective Order in this case.

6. I have carefully read and understand the provisions of the Stipulated Protective Order.

7. I will comply with all provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result

in sanctions against me.

8. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Information or Materials disclosed to me.

9. I will return all Information and Materials containing or disclosing "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Information and Materials that come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" "Highly Confidential—Attorneys' Eyes Only" Information and Materials.

10. I submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____   By: _____