IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FN HERSTAL, S.A., and <br> FN AMERICA, LLC, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Civil Action No.: 1:24-cv-218 -LCB-JEP |
| v. | ) <br> ) <br> ) | |
| STURM, RUGER & CO., INC., | ) <br> ) | |
| Defendant. | ) <br> ) | |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendant Sturm, Ruger & Co., Inc. ("Ruger") respectfully moves this Court for summary judgment on each of the claims brought by Plaintiffs FN Herstal, S.A. and FN America, LLC (collectively, "FN") pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, LR 7.3 and LR 56.1. The undisputed material facts conclusively establish as a matter of law that FN is not entitled to relief on its claims of (1) federal trademark infringement under 15 U.S.C. § 1114; (2) federal unfair competition under 15 U.S.C. § 1125(a); (3) violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1-1, *et seq.*; and (4) trademark infringement under North Carolina common law. Each of these claims requires FN to show that there is a likelihood of confusion among an appreciable number of ordinarily prudent purchasers between the parties' respective Ruger SFAR and FN SCAR trademarks. FN cannot make this showing, even when all reasonable inferences are drawn in its favor.

Specifically, the parties' marks are different. Ruger's SFAR initialism and FN's SCAR acronym are pronounced differently, have different meanings, are displayed and promoted differently in the marketplace, and virtually always accompanied by the parties' respective well-known housemarks RUGER and FN. Moreover, the parties' products differ. Ruger's SFAR is an innovative large-caliber modern sporting rifle in a smaller, lightweight frame, while FN's SCAR is a premium battle rifle that was originally designed and made for the military. Consumers of these expensive firearms are sophisticated and knowledgeable, and they exercise great care and deliberation before purchasing such products, further guarding against any confusion. Indeed, despite years of coexistence, FN has no evidence of any concrete examples that anybody has actually confused these two rifles. Moreover, Ruger retained a well-respected expert who empirically tested whether there was any likely confusion., Not a single respondent was confused. FN did not conduct a survey or retain an expert to critique Ruger's survey.

For the reasons set forth above and in Ruger's accompanying Memorandum of Points and Authorities, Ruger respectfully requests that the Court grant its Motion for Summary Judgment, in full, and dismiss all of FN's claims *with prejudice*. To that end, and pursuant to LR 7.3(c), this matter involves special considerations which warrant the Court holding a hearing on this motion. Specifically, contemporaneous dialogue with the Court will aid the decisional process because it will allow the parties to answer any questions the Court may have about this complex intellectual property matter.

Dated: April 11, 2025

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ Lorin J. Lapidus
Lorin J. Lapidus, NC State Bar No. 33458
380 Knollwood Street, Suite 530
Winston Salem, NC 27103
Telephone: (336) 774-3329
Facsimile: (336)774-3299
Email: lorin.lapidus@nelsonmullins.com


FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Douglas A. Rettew (*pro hac vice*)
Patrick J. Rodgers (*pro hac vice*)
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
Email: doug.rettew@finnegan.com
Email: patrick.rodgers@finnegan.com

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
R. Gordon Wright (*pro hac vice*)
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
Telephone: (404) 653-6400
Facsimile: (404) 653-6444
Email: gordon.wright@finnegan.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically filed the foregoing Defendant's Motion for Summary Judgment using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

This the 11th day of April, 2025.

/s/Lorin J. Lapidus
Lorin J. Lapidus, NC 33458