IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FN HERSTAL, S.A., and <br> FN AMERICA, LLC, <br>           Plaintiffs, <br> v. <br> STURM, RUGER & CO., INC., <br>           Defendant. | Civil Action No.: 1:24-cv-218-LCB-JEP |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CONSENT MOTION TO SEAL CONFIDENTIAL MATERIALS**

Pursuant to Local Civil Rule 5.4(c), Plaintiffs FN Herstal S.A. and FN America, LLC (collectively "Plaintiffs" or "FN"), through their undersigned counsel, submit this Memorandum in Support of their Motion to Maintain Confidential Materials Under Seal certain documents filed in conjunction with its Opposition ("Opp.") to Defendant Sturm, Ruger & Co., Inc.'s ("Defendant" or "Ruger") Motion for Summary Judgment ("SJ Motion").

For the reasons set forth below, as supported by the accompanying evidence in support, FN seeks to maintain under seal documents and information that fall generally into the following categories (as further defined below): the FN Business and Financial Information and the FN-Third Party Policing Documents.

    **I. Background**

On April 11, 2025, Ruger filed its SJ Motion (Doc. 38) and Memorandum of Points and Authorities in Support of its Motion for Summary Judgment ("SJ Brief") with

accompanying exhibits 1 through 170. Doc. 39. On May 16, 2025, FN filed its Opposition to Ruger's SJ Brief, relying in part on certain documents and information that Plaintiffs classify as confidential, proprietary, sensitive, and/or otherwise confidential business information. The documents that FN seeks to maintain under seal are: (1) Exhibit N (Excerpts of D. Trexler Expert Report) and Exhibit P (FN's Responses to Interrogatory Nos. 18 and 19) (collectively, the "FN Business and Financial Information"); (2) portions of Plaintiffs' Opp. to Ruger's SJ discussing the FN Business and Financial Information; (3) Exhibit R (the "FN-Third Party Policing Documents"); and (4) Ex. B (M. Gurney Dep. Ex. 15), Ex. K (R. Werkmeister Dep. Ex. 11); Ex. T (R. Werkmeister Dep. Ex. 13),and Ex. W (M. Gurney Dep. Exs. 2-5).

Plaintiffs ask the Court to maintain under seal the FN Business and Financial Information, portions of Plaintiffs' Opp. to Ruger's SJ Brief, and the FN-Third Party Policing Documents (collectively, "FN's Confidential Materials"). FN's Confidential Materials each reflect information that Plaintiffs classify as confidential, proprietary, sensitive, and/or otherwise confidential business information, and would result in competitive harm to Plaintiffs if made public.

For example, the FN Business and Financial Information and corresponding portions in Plaintiffs' Opp. reveal FN's business strategies and financial performance concerning FN's "annual costs of FN's advertising and marketing strategies and campaigns as well as annual sales figures in units and dollars." *See* Declaration of Phyllis Andes, at

2

¶ 5 ("Andes Decl."). The FN-Third Party Policing Documents consist of FN's efforts to protect and enforce its trademark rights outside of litigation. *Id.* ¶ 7.

This Memorandum only addresses FN's Confidential Materials. Defendant contends that the Ruger Confidential Materials are confidential and therefore has the burden of demonstrating that they should remain under seal. *See* L.R. 5.4(c).

## II. Legal Standards

The Fourth Circuit has set forth the standards and procedure for maintaining documents under seal. A court considering a motion to maintain documents under seal must first determine the nature of the information and the public's right to access. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Although there is a general presumption that the public has the right to access documents in the files of the courts, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

To grant a motion to seal, the Court must comply with certain substantive and procedural requirements. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court first must determine the source of the right of public access with respect to each document, or portion thereof, to be sealed. *Stone*, 855 F.2d at 180; *Bayer Cropsciences, Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post*, 386 F.3d at 575. The strength of the public's right of access varies depending

on which of these sources applies in a given case. *See Persian Carpet, Inc. v. L. & J.G. Stickley, Inc.*, No. 1:09-CV-991, 2010 U.S. Dist. LEXIS 35143, at *10-13 n.4 (M.D.N.C. Mar. 29, 2010) (recognizing that the strength of the public's right of access varies depending on whether it is derived from common law or the First Amendment).

The right of access afforded by the First Amendment is guaranteed, and "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. This protection encompasses all documents and material filed in connection with dispositive pre-trial motions or other motions affecting the substantive rights of the parties. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). The "First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014).

To be sure, courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Bayer*, 979 F. Supp. 2d at 656 (same); *Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014) ("In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate.").

4

Procedurally, the district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302.

### III. Argument

#### A. Public Notice Requirements Have Been Satisfied

The Fourth Circuit requires that the public be provided notice of any request to seal judicial documents and a reasonable opportunity to object to any such request. *Ashcraft*, 218 F.3d at 302. This requirement has been satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Kinetic Concepts, Inc. v. Convatec, Inc.*, No. 1:08-CV-918, 2010 WL 1418312, at *8 (M.D.N.C. Apr. 2, 2010). At this time, Plaintiffs are not aware of any party that objects to this motion, however, the public will have sufficient time to respond and lodge any objections before the Court is anticipated to rule.

#### B. Plaintiffs Have Considered Less Drastic Alternatives to Sealing the FN Confidential Materials

Plaintiffs have sought to minimize the scope of information necessary to remain under seal. Plaintiffs seek to maintain under seal only information for which they genuinely believe disclosure would harm the companies' competitive standing and dealings.

The FN Business and Financial Information consist of an excerpt of the Expert Report for FN's damages expert, Dana Trexler, as well as excerpts of FN's responses to Defendant's interrogatories seeking information on FN's financial performance, revenues,

5

and advertising spend. Andes Decl. ¶ 5. The FN Business and Financial Information consist of only limited excerpts narrowed the specific information in support of its argument, rather than the full expert report or FN's responses to all of Defendant's interrogatories. The portions of FN's Opp. that discuss the FN Business and Financial Information are similarly limited in scope and are focused on FN's financial performance. Such selective and narrow protection of confidential material constitutes the least drastic method of shielding the information at issue. *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.,* No. 05-CV-955, 2012 WL 526059, at *1 (M.D.N.C. Feb. 12, 2012) (granting motion to seal and noting that plaintiff satisfied Fourth Circuit's sealing requirements "by redacting certain sensitive information from the exhibits at issue rather than attempting to file entire documents under seal").

The FN-Third Party Policing Documents include documents that were prepared in support of FN's efforts to protect and enforce its trademark rights on a business-to-business level and outside of public proceedings. Andes Decl. ¶ 7. The FN-Third Party Policing Documents contain confidential information throughout, the disclosure of which would harm Plaintiffs competitively as they concern and reveal certain of Plaintiffs' business and legal strategies. *Id.* No procedure other than maintaining the entirety of the exhibit under seal is sufficient to preserve the confidential and sensitive nature of the information. *See* Andes Decl. ¶ 8.

6

Because Plaintiffs have sought the least drastic measures to protect the FN Confidential Materials, this element is likewise satisfied. *See Volumetrics Med. Imaging, LLC*, 2012 WL 526059.

C. **The record evidence supports maintaining the FN Confidential Materials under seal.**

As discussed above, the FN Business and Financial Information consist of an analysis of FN's business documents and information concerning FN's financial performance. Andes Decl. ¶ 5. Similarly, the FN-Third Party Policing Documents contain confidential business and legal strategy information. Plaintiffs seek to maintain these documents under seal because their disclosure would competitively harm Plaintiffs. *Id.* ¶¶ 6-8. Competitors would be able to access and have an "insight into FN's confidential business strategy, without making any investment in the development of their own strategies." *Id.* ¶ 6.

Because FN attached the FN Confidential Materials to its Opposition to Ruger's SJ Brief, the First Amendment right of access standard applies. *Doe*, 749 F.3d at 267. However, Plaintiffs' interest in protecting the disclosure of the FN Confidential Materials described above outweighs the public's First Amendment right of access. Because this matter involves a "dispute between private parties involving matters that are normally private," the Court should find that the FN Confidential Materials should be maintained under seal. *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 807 (M.D.N.C. 2013); *see also Bayer,* 979 F. Supp. 2d at 656-57 (placing under seal business information "not ordinarily public" and subject to a First Amendment right of access).

7

First, FN seeks to maintain under seal excerpts from the report of FN's damages expert and FN's interrogatory responses. The FN Business and Financial Information are portions of analysis of FN's business practices, including its customer base, and figures demonstrating FN's financial performance. Andes Decl. ¶¶ 5(a)-5(b). The information FN seeks to maintain under seal in the FN Business and Financial Information is not publicly available, and disclosure would cause competitive harm to FN because "competitors and future business partners" would have an "unfair advantage" over FN in "competitive negotiation scenarios" and provide them with "insight into FN's confidential business strategy" at FN's expense. *Id.* ¶ 6.

The law supports maintaining this information under seal. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Glaston Corp. v. Salem Fabrication Tech. Grp., Inc.*, 744 F. Supp. 3d 430, 445 (M.D.N.C. 2024) (maintaining under seal portions of a deposition transcript containing "confidential and proprietary business information" concerning "licensing and marketing strategies"). Because the FN Business and Financial Information includes information concerning FN's financial performance, the Court should likewise maintain this information under seal. *See Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, No. 6:12-CV-00023, 2013 WL 12314517, at *1 (W.D. Va. Aug. 7, 2013) (finding the First Amendment presumption of access was overcome for "information related to highly sensitive pricing and payment terms as well as product specifications, which is of great importance to [plaintiff] but is not generally available to the public.").

8

Second, the FN-Third Party Policing Documents that FN seeks to maintain under seal include information "consist[ing] of FN's business and legal strategies." Andes Decl. ¶ 7. They include documents exchanged with three of FN's competitors. *Id.* This information is also not publicly available, and its disclosure would likewise cause competitive harm to FN, as "FN's competitors may be able to leverage this information to . . . unfairly compete with FN in the marketplace." *Id.* The law also supports maintaining this type of information under seal. *See Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 694 F. Supp. 3d 625, 686 (M.D.N.C. 2023) ("[s]ealing confidential business information may be appropriate absent an improper purpose and countervailing interests."); *Glaston*, 744 F. Supp. 3d at 445.

Maintaining FN's Confidential Materials under seal is also consistent with the Protective Order, which serves to "govern the use, dissemination, and disclosure of certain documents and materials." Doc. 23. The Protective Order further mandates that, "*Highly Confidential—Attorneys' Eyes Only* Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials are filed pursuant to the Court's practices and procedures with respect to filing documents under seal in accordance with Local Rule 5.4." Doc. 23 at 8-9.

Having satisfied the requirements for filing under seal, the Court should grant FN's Motion to Maintain Confidential Material Under Seal.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its Motion to Maintain Confidential Material Under Seal.

Respectfully submitted on the 16th day of May 2025.

**FN HERSTAL, S.A., and**
**FN AMERICA, LLC**

By: */s/ Robert C. Van Arnam*
Robert C. Van Arnam, NC 28838
Andrew R. Shores, NC 46600
Carmelle F. Alipio, NC 54738
Aaron T. Fadden, NC 59495
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com
calipio@williamsmullen.com
afadden@williamsmullen.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the word count limitation of Local Rule 7.3(d). This brief contains fewer than 6,250 words as calculated by the "Word Count" feature of Microsoft Word 2010, the word processing program used to create it.

Dated: May 16, 2025

*/s/ Robert C. Van Arnam*
Robert C. Van Arnam

11

Case 1:24-cv-00218-LCB-JEP    Document 79    Filed 05/16/25    Page 11 of 12

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the word count limitation of Local Rule 7.3(d). This brief contains fewer than 6,250 words as calculated by the "Word Count" feature of Microsoft Word 2010, the word processing program used to create it.

Dated: May 16, 2025

*/s/ Robert C. Van Arnam*
Robert C. Van Arnam

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will give notice of such filing to all attorneys currently of record in the above-captioned case.

Dated: May 16, 2025.

By: */s/ Robert C. Van Arnam*
Robert C. Van Arnam, NC 28838
Andrew R. Shores, NC 46600
Carmelle F. Alipio, NC 54738
Aaron T. Fadden, NC 59495
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC  27601
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com
calipio@williamsmullen.com
afadden@williamsmullen.com

*Attorneys for Plaintiffs*