IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FN HERSTAL, S.A., and<br>FN AMERICA, LLC,<br><br>        Plaintiffs,<br>v.<br><br>STURM, RUGER & CO., INC.,<br><br>        Defendant. | Civil Action No.: 1:24-cv-218-LCB-JEP |

## DECLARATION OF PHYLLIS ANDES

I, Phyllis Andes, declare as follows:

1. I am over eighteen years of age and am competent to testify to the matters stated in this declaration. The statements made herein are based on my personal knowledge, as well as information provided to me by others at Plaintiffs FN Herstal, S.A. and FN America, LLC (together, "Plaintiffs" or "FN").

2. I am an employee of FN America, LLC and currently serve as Vice President, General Counsel, and am responsible for providing legal support to FN by helping to manage risks, ensuring compliance with laws and regulations, and guiding FN's business decisions from a legal perspective.

3. I make this declaration based on my understanding in support of FN's Motion to Maintain Confidential Materials Under Seal. FN seeks to maintain under seal its confidential information upon which it relied in its Opposition to Defendant's Motion for Summary Judgment.

4. FN requests to maintain under seal the following general categories of information submitted in support of its opposition brief to Defendant's Motion for Summary Judgment: (a) documents showing FN's business strategies and financial performance and (b) documents showing FN's policing efforts directed at third parties. I address the specific nature of the confidential information covered by the motion in turn below.

5. In opposing Ruger's Motion for Summary Judgment, FN relies on documents showing FN's business strategies and financial performance. These documents include:

    a. Excerpts of the Expert Report of Dana Trexler, FN's damages expert, analyzing FN's business documents and FN's annual sales figures, prices, and revenues; and

    b. Excerpts of FN's responses to Defendant's interrogatories, demonstrating the annual costs of FN's advertising and marketing strategies and campaigns as well as annual sales figures in units and dollars for FN's products sold in the United States.

6. This information is not publicly available and may result in an unfair advantage to FN's competitors who may be able to leverage this information to develop competing business strategies, target FN's customers, and aid competitors and future business partners in competitive negotiation scenarios against FN. Disclosure would also disadvantage FN and give FN's competitors an unfair advantage by giving them insight

into FN's confidential business strategy, without making any investment in the development of their own strategies.

7. FN also seeks to maintain under seal FN's efforts to protect its rights in its SCAR marks outside of public proceedings or litigation. The information contained in these documents consists of FN's business and legal strategies in connection with three of FN's competitors. FN's competitors may be able to leverage this information to partner with entities that can produce and market products identical or otherwise confusingly similar to FN's products and unfairly compete with FN in the marketplace. This information is not publicly known and amounts to information that FN contends are confidential.

8. To the best of my recollection, I am not aware of any public disclosure of any of the aforementioned confidential information. A primary reason FN has maintained this information in confidence is due to the very high potential that it may be misused by competitors in an attempt to solidify their competitive position at the expense of FN.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of May, 2025.

_____
Phyllis Andes