**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| FN HERSTAL, S.A., and<br>FN AMERICA, LLC,<br><br>Plaintiffs, | ) | |
| v. | ) | Civil Action No.: 1:24-cv-218-LCB-JEP |
| STURM, RUGER & CO., INC.,<br><br>Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CONSENT MOTION TO SEAL CONFIDENTIAL MATERIAL**

Pursuant to Local Civil Rule 5.4(c), Plaintiffs FN Herstal S.A. and FN America, LLC (collectively "Plaintiffs" or "FN"), through their undersigned counsel, submit this Memorandum in Support of Defendant Sturm, Ruger & Co., Inc.'s ("Defendant" or "Ruger") Consent Motion to Seal Confidential Material (Doc. 86), which Ruger filed concurrent with its Reply in Support of Motion for Summary Judgment.

For the reasons set forth below, as supported by the accompanying evidence in support, FN seeks to maintain under seal documents and information that fall generally into the following categories (as further defined below): the redacted portions of Ruger's reply brief, the FN Sales Data, and the FN Marketing and Business Testimony.

## I. Background

On April 11, 2025, Ruger filed its Motion for Summary Judgment (Doc. 38) and Memorandum of Points and Authorities in Support of its Motion for Summary Judgment with accompanying exhibits 1 through 170 ("SJ Motion"). FN opposed the SJ Motion on

May 16, 2025. Docs. 77 and 80.[1] On June 3, 2025, Ruger filed its Reply in Support (Docs. 84 and 87) ("SJ Reply"),[2] relying in part on certain documents and information that FN classifies as confidential, proprietary, sensitive, and/or otherwise confidential business information. The documents that FN seeks to maintain under seal are (1) the redacted portions of Ruger's SJ Reply, (2) a spreadsheet containing information about FN's pricing and sales data from 2019-2024 (Doc. 88-6, SJ Reply Ex. 6, the "FN Sales Data"), and (3) deposition testimony excerpts, specifically excerpts of Daniel Hines's Deposition Transcript (Docs. 88-3 and 88-5, SJ Reply Exs. 3 and 5) and John Freiling's Deposition Transcript (Doc. 88-7, SJ Reply Ex. 7)[3] (the deposition testimony excerpts together, the "FN Marketing and Business Testimony") (collectively, "FN's Confidential Materials").

FN's Confidential Materials each reflect information that Plaintiffs classify as confidential, proprietary, sensitive, and/or otherwise confidential business information, and would result in competitive harm to Plaintiffs if made public. The redacted portions of Ruger's SJ Reply, for example, reveal FN "advertising costs, revenues, and sales of its SCAR products." Declaration of Phyllis Andes ("Andes Decl.") at ¶ 5(a). The FN Sales Data is "highly sensitive FN business information concerning FN's financial history" for its SCAR products. *Id.* at ¶ 5(c). Finally, the FN Marketing and Business Testimony discuss

[1] Doc. 77 is FN's Public Redacted Opposition to Ruger's Motion for Summary Judgment. Doc. 80 is FN's Sealed Opposition to Ruger's Motion for Summary Judgment.
[2] Doc. 84 is Ruger's Public Redacted Reply in Support of its Motion for Summary Judgment. Doc. 87 is Ruger's Sealed Reply in Support of its Motion for Summary Judgment.
[3] FN does not seek to maintain under seal the last page of Ex. 7, which is a copy of Freiling Deposition Exhibit 4 (FN_R00001341).

"FN's advertising and business strategies . . . as well as FN's advertising costs." *Id.* at ¶ 5(b).

## II. Legal Standards

The Fourth Circuit has set forth the standards and procedure for maintaining documents under seal. A court considering a motion to maintain documents under seal must first determine the nature of the information and the public's right to access. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Although there is a general presumption that the public has the right to access documents in the files of the courts, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

To grant a motion to seal, the Court must comply with certain substantive and procedural requirements. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court first must determine the source of the right of public access with respect to each document, or portion thereof, to be sealed. *Stone*, 855 F.2d at 180; *Bayer Cropsciences, Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post*, 386 F.3d at 575. The strength of the public's right of access varies depending on which of these sources applies in a given case. *See Persian Carpet, Inc. v. L. & J.G. Stickley, Inc.*, No. 1:09-CV-991, 2010 U.S. Dist. LEXIS 35143, at *10-13 n.4 (M.D.N.C.

Mar. 29, 2010) (recognizing that the strength of the public's right of access varies depending on whether it is derived from common law or the First Amendment).

The right of access afforded by the First Amendment is guaranteed, and "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. This protection encompasses all documents and material filed in connection with dispositive pre-trial motions or other motions affecting the substantive rights of the parties. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). The "First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014).

To be sure, courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Bayer*, 979 F. Supp. 2d at 656 (same); *Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014) ("In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate.").

Procedurally, the district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings

supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302.

## III. Argument

### A. Public Notice Requirements Have Been Satisfied

The Fourth Circuit requires that the public be provided with notice of any request to seal judicial documents and a reasonable opportunity to object to any such request. *Ashcraft*, 218 F.3d at 302. This requirement has been satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Kinetic Concepts, Inc. v. Convatec, Inc.*, No. 1:08-CV-918, 2010 WL 1418312, at *8 (M.D.N.C. Apr. 2, 2010). At this time, Plaintiffs are not aware of any party that objects to this motion; however, the public will have sufficient time to respond and lodge any objections before the Court is anticipated to rule.

### B. Plaintiffs Have Considered Less Drastic Alternatives to Sealing the FN Confidential Materials

Plaintiffs have sought to minimize the scope of information necessary to remain under seal. Plaintiffs seek to maintain under seal only information for which they genuinely believe disclosure would harm the companies' competitive standing and dealings.

The FN Marketing and Business Testimony consists of limited deposition excerpts narrowed to discussions of FN's marketing and business strategies, including FN's advertising costs and FN's reasoning behind certain campaigns. *See* Andes Decl. ¶ 5(c). FN has previously moved to maintain similar information under seal. *See* Doc. 61 at 9-11; Doc. 83 at 7-8. The SJ Reply is likewise narrowly redacted to remove only the information relating to "FN's advertising costs, revenues, and sales of its SCAR products." Andes Decl.

¶ 5(a). Such selective and narrow protection of confidential material constitutes the least drastic method of shielding the information at issue. *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.,* No. 05-CV-955, 2012 WL 526059, at *1 (M.D.N.C. Feb. 12, 2012) (granting motion to seal and noting that plaintiff satisfied Fourth Circuit's sealing requirements "by redacting certain sensitive information from the exhibits at issue rather than attempting to file entire documents under seal").

The FN Sales Data is "an internal FN document showing FN's financial performance, including its sales and revenues for its SCAR products from 2019-2024." Andes Decl. ¶ 5(c). The FN Sales Data contains confidential information throughout, the disclosure of which would harm Plaintiffs competitively as they concern and reveal certain of Plaintiffs' "highly sensitive FN business information" the disclosure of which would "disadvantage FN" and "may result in an unfair advantage to FN's competitors who may be able to leverage this information" against FN. *Id.* ¶¶ 5(c), 6. No procedure other than maintaining the entirety of the FN Sales Data under seal is sufficient to preserve the confidential and sensitive nature of the information. *See id*. ¶ 7.

Because Plaintiffs have sought the least drastic measures to protect the FN Confidential Materials, this element is likewise satisfied. *See Volumetrics Med. Imaging, LLC*, 2012 WL 526059.

**C. The record evidence supports maintaining the FN Confidential Materials under seal.**

As discussed above, the redacted portions of Ruger's SJ Reply and the FN Sales Data include information concerning FN's financial performance and advertising costs.

Andes Decl. ¶¶ 5(a), (c). Likewise, the FN Marketing and Business Testimony contains FN's employee testimony "discussing FN's advertising and business strategies . . . as well as FN's advertising costs." *Id.* ¶ 5(b). Plaintiffs seek to maintain these documents under seal because their disclosure would competitively harm Plaintiffs. *Id.* ¶¶ 6-7. Competitors would be able to access and have an "insight into FN's confidential business and advertising strategies, without making any investment in the development of their own strategies." *Id.* ¶ 6. Competitors would also be able to unfairly compete in "competitive negotiation scenarios against FN." *Id.* ¶ 6. FN is "not aware of any public disclosure" of the FN Confidential Materials, as the information is maintained in "confidence . . . due to the very high potential that it may be misused by competitors in an attempt to solidify their competitive position at the expense of FN." *Id.* ¶ 7.

Because Ruger attached the FN Confidential Materials to Ruger's SJ Reply, the First Amendment right of access standard applies. *Doe*, 749 F.3d at 267. However, Plaintiffs' interest in protecting the disclosure of the FN Confidential Materials described above outweighs the public's First Amendment right of access. Because this matter involves a "dispute between private parties involving matters that are normally private," the Court should find that the FN Confidential Materials should be maintained under seal. *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 807 (M.D.N.C. 2013); *see also Bayer,* 979 F. Supp. 2d at 656-57 (placing under seal business information "not ordinarily public" and subject to a First Amendment right of access).

The FN Sales Data and redacted portions of Ruger's SJ Reply include information concerning FN's financial performance, which is the type of information that the Court should maintain under seal. *See Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, No. 6:12-CV-00023, 2013 WL 12314517, at *1 (W.D. Va. Aug. 7, 2013) (finding the First Amendment presumption of access was overcome for "information related to highly sensitive pricing and payment terms as well as product specifications, which is of great importance to [plaintiff] but is not generally available to the public."). Likewise, the law also supports maintaining under seal the FN Marketing and Business Testimony, which includes information concerning FN's internal marketing and business strategies. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Glaston Corp. v. Salem Fabrication Tech. Grp., Inc.*, 744 F. Supp. 3d 430, 445 (M.D.N.C. 2024) (maintaining under seal portions of a deposition transcript containing "confidential and proprietary business information" concerning "licensing and marketing strategies").

The Court should grant Ruger's Motion because Plaintiffs' interest in protecting proprietary, sensitive, and otherwise confidential and/or privileged information from public dissemination outweighs the public's interest in accessing that information,

Maintaining FN's Confidential Materials under seal is also consistent with the Protective Order, which serves to "govern the use, dissemination, and disclosure of certain documents and materials." Doc. 23. The Protective Order further mandates that, "*Highly Confidential—Attorneys' Eyes Only* Information and Materials may be included in whole

or in part in pleadings, motions, or briefs only if such Information and Materials are filed pursuant to the Court's practices and procedures with respect to filing documents under seal in accordance with Local Rule 5.4." Doc. 23 at 8-9.

Having satisfied the requirements for filing under seal, the Court should grant Ruger's Consent Motion.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Ruger's Consent Motion to Seal Confidential Material Filed in Support of its SJ Reply.

Respectfully submitted on the 17th day of June, 2025.

**FN HERSTAL, S.A., and**
**FN AMERICA, LLC**

By: *<u>/s/ Robert C. Van Arnam</u>*
Robert C. Van Arnam, NC 28838
Andrew R. Shores, NC 46600
Carmelle F. Alipio, NC 54738
Aaron T. Fadden, NC 59495
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com
calipio@williamsmullen.com
afadden@williamsmullen.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the word count limitation of Local Rule 7.3(d). This brief contains fewer than 6,250 words as calculated by the "Word Count" feature of Microsoft Word 2010, the word processing program used to create it.

Dated: June 17, 2025.

*/s/ Robert C. Van Arnam*
Robert C. Van Arnam

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will give notice of such filing to all attorneys currently of record in the above-captioned case.

Dated: June 17, 2025.

By: /s/ *Robert C. Van Arnam*
Robert C. Van Arnam, NC 28838
Andrew R. Shores, NC 46600
Carmelle F. Alipio, NC 54738
Aaron T. Fadden, NC 59495
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com
calipio@williamsmullen.com
afadden@williamsmullen.com

*Attorneys for Plaintiffs*