## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FN HERSTAL, S.A., and )
FN AMERICA, LLC, )
                        )
              Plaintiffs, )
v.                          )   Civil Action No.: 1:24-cv-218-DAB-JEP
                        )
STURM, RUGER & CO., INC., )
                        )
              Defendant. )

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO MAINTAIN UNDER SEAL PORTIONS OF HEARING TRANSCRIPT

Pursuant to Local Civil Rule 5.4(c), Plaintiffs FN Herstal S.A. and FN America, LLC (collectively "Plaintiffs" or "FN"), through undersigned counsel, hereby move the Court for leave to maintain under seal portions of the May 28, 2026 Hearing Transcript ("Transcript"), filed concurrently herewith.

### I.     Background

The information Plaintiffs seek to maintain under seal relates to the seven (7) page excerpt of a January 2022 study into consumer behavior related to FN's SCAR firearms, including FN's findings on firearm usage, brand awareness, and information consumers look for when performing research ("SCAR Buyer Study"). Plaintiffs have previously moved this Court to maintain this information under seal in connection with Plaintiffs' *Daubert* Motion to Exclude Certain Testimony and Opinions of Defendant's Expert W. Todd Schoettelkotte ("Schoettelkotte *Daubert* Motion"). *See* D.E. 55. The Court granted the motion and maintained the information under seal. *See* D.E. 101 at 8.

On May 28, 2026, the Court held a hearing on Plaintiffs' Motion for Partial Summary Judgment (D.E. 43), Defendant's Motion for Summary Judgment (D.E. 38), Plaintiffs' *Daubert* Motion to Exclude Certain Opinions and Testimony of Defendant's Expert Ashley Hlebinsky (D.E. 48), and Plaintiffs' Schoettelkotte *Daubert* Motion (D.E. 53) ("May 28, 2026 Hearing"). The Transcript contains direct references to the SCAR Buyer Study, which is information that Plaintiffs classify as confidential, proprietary, sensitive, and/or otherwise confidential business information.

## II. Legal Standards

The Fourth Circuit has explicitly set forth the standards and procedure for maintaining documents under seal. A court considering a motion to maintain documents under seal must first determine the nature of the information and the public's right to access. *Stone v. Univ. of MD. Medical Sys., Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Although there is a general presumption that the public has the right to access documents in the files of the courts, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

To grant a motion to seal, the Court must comply with certain substantive and procedural requirements. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court first must determine the source of the right of public access with respect to each document, or portion thereof, to be sealed. *Stone*, 855 F.2d at 180; *Bayer Cropsciences, Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 655

(M.D.N.C. 2013). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post*, 386 F.3d at 575. The strength of the public's right of access varies depending on which of these sources applies in a given case. *See The Persian Carpet, Inc. v. L. & J.G. Stickley, Inc.*, No. 1:09CV991, 2010 U.S. Dist. LEXIS 35143, at *10-13, n.4 (M.D.N.C. Mar. 29, 2010) (recognizing that the strength of the public's right of access varies depending on whether it is derived from common law or the First Amendment).

The right of access afforded by the First Amendment is guaranteed, and "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. This protection encompasses all documents and material filed in connection with dispositive pre-trial motions or other motions affecting the substantive rights of the parties. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988).

A lesser right of access under the common law, however, is applicable to documents used in a hearing on a non-dispositive civil motion. *See Wash. Post*, 386 F.3d at 580 (recognizing that the Fourth Circuit has "never held that the public has a First Amendment right of access to a pretrial hearing on a non-dispositive civil motion or to the transcript of such a hearing."). Under this lower common-law standard, the presumption of access may be overcome if competing interests outweigh the interest in access. *Browne v. The Pantry, Inc.*, No. 1:11CV587, 2011 WL 5119263, at *1 (M.D.N.C. Oct. 28, 2011) (citing *Rushford*, 846 F. 2d at 253). Documents "filed in connection with a motion in limine to exclude expert

testimony" have been found to fall under common law standard. *Lord Corp. v. S & B Tech. Prods., Inc.*, No. 5:09-cv-205-D, 2012 WL 895947, at \*1 (E.D.N.C. Mar. 15, 2012).

To be sure, courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Bayer*, 979 F. Supp. 2d at 656 (same); *Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12CV568, 2014 WL 459851, at \*3 (M.D.N.C. Feb. 5, 2014) ("In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate.").

Procedurally, the district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F. 3d at 302.

### III. Argument

Plaintiffs respectfully move the Court to maintain under seal portions of the Transcript relating to the Schoettelkotte *Daubert* Motion, specifically where the SCAR Buyer Study is discussed. The SCAR Buyer Study information in the Transcript reflects

information that Plaintiffs classify as proprietary, sensitive, and/or otherwise confidential business information, and would result in harm to FN if made public.

## A. Portions of the Transcript Should Be Maintained Under Seal

### 1. Plaintiffs' Interest in Protecting Their Confidential Information Outweighs the Public's Interest in Accessing the Information

Here, Plaintiffs seek to seal portions of the Transcript as described above. The portions of the Transcript refer to attorney argument in support of a non-dispositive, pre-trial motion, which has no bearing on the substantive rights of the parties and, therefore, do not implicate the public right of access guaranteed by the First Amendment. *See, e.g.*, *Wash. Post*, 386 F.3d at 580; *Lord Corp.,* 2012 WL 895947, at *1. Accordingly, the lesser right of access under the common law is applicable to determine whether the Court should seal portions of the Transcript.

During the May 28, 2026 Hearing, counsel for Plaintiffs argued in support of Plaintiffs' Schoettelkotte *Daubert* Motion and quoted directly from the SCAR Buyer Study, a confidential study regarding consumer buying habits as well as perception of the SCAR firearm prepared by FN. This consists of sensitive information that would cause competitive harm to Plaintiffs if made public.

Courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Bayer,* 979 F. Supp. 2d at 656 (same); *Adjabeng,* 2014

5

WL 459851, at *3 ("In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate.").

Because Plaintiffs' interest in protecting proprietary, sensitive, and otherwise confidential and/or privileged information from public dissemination outweighs the public's interest in accessing that information, the Court should grant Plaintiffs' Motion.

## B. Plaintiffs' Request Complies with the Fourth Circuit's Procedural Requirements for Sealing Documents

### 1. Public Notice Requirements Have Been Satisfied Through the Docketing of this Motion

The Fourth Circuit requires that the public be provided notice of any request to seal judicial documents and a reasonable opportunity to object to any such request. *Ashcraft*, 218 F.3d at 302. This requirement is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Kinetic Concepts*, 2010 WL 1418312, at *8. At this time, Plaintiffs are not aware of any party that objects to this motion, however, the public will have sufficient time to respond and lodge any objections before the Court is anticipated to rule on this motion.

## C. Plaintiffs Seek a Less Drastic Alternative Than Sealing the Entire Transcript

Under Federal law, the redaction of confidential material is generally considered a less drastic alternative to filing an entire document or motion under seal. *Bell v. Shinseki*, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd,* 584 F. App'x 42 (4th Cir. 2014). Recognizing this preference, Plaintiffs have carefully selected those portions of the Transcript that require redacting, such that it proposes only the most

sensitive information be omitted from the public record. The portions of the Transcript that Plaintiffs seek to maintain under seal are narrowed to only where counsel for Plaintiffs referenced data and findings in the SCAR Buyer Study. These referenced findings include certain buying and brand awareness information about FN's customers who have purchased a SCAR branded firearm. The Court has already granted Plaintiffs' previous motion to maintain this information from the SCAR Buyer Study under seal. *See* D.E. 101 at 8.

### D. Specific Reasons and Factual Findings Support Sealing the Daubert Exhibits and Portions of the Schoettelkotte Daubert Brief

The circumstances support a finding that portions of the Transcript should be sealed indefinitely. As discussed above, these portions include the results of a consumer study of FN's customers. The Transcript therefore contains the confidential and proprietary information of Plaintiffs, including sensitive information about "FN's findings on firearm usage, brand awareness, and information consumers look for when performing research." D.E. 56-1 at ¶ 5, Declaration of Phyllis Andes ("Andes Decl."). Disclosure of Plaintiffs' sensitive information would reveal to competitors Plaintiffs' business and consumer marketing strategies, resulting in harm to Plaintiffs. Andes Decl. ¶¶ 5-6. The portions of the Transcript Plaintiffs seek to maintain under seal directly quotes from and/or paraphrases confidential portions of the SCAR Buyer Study which the Court has ordered to maintain under seal as discussed above.

Given that Plaintiffs have minimized the limitations to public access by providing a redacted, public version of the Transcript, the factual circumstances merit sealing the

confidential portions of the Transcript. Having satisfied both the substantive and procedural requirements for filing under seal, the Court should grant Plaintiffs' Motion to Seal.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion to Maintain Under Seal and maintain the confidential portions of the Transcript under seal. Plaintiffs respectfully request that the Court enter the attached proposed order.

Respectfully submitted on the 30th day of July 2026.

**FN HERSTAL, S.A., and**
**FN AMERICA, LLC**

By: */s/ Carmelle F. Alipio*
Robert C. Van Arnam, NC Bar No. 28838
Carmelle F. Alipio, NC Bar No. 54738
Aaron T. Fadden, NC Bar No. 59495
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
rvanarnam@williamsmullen.com
calipio@williamsmullen.com
afadden@williamsmullen.com

*Attorneys for Plaintiffs*

8

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the word count limitation of Local Rule 7.3(d). This brief contains fewer than 6,250 words as calculated by the "Word Count" feature of Microsoft Word 2010, the word processing program used to create it.

Dated: July 30, 2026.

/s/ *Carmelle F. Alipio*
Carmelle F. Alipio

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

By: */s/ Carmelle F. Alipio*
Carmelle F. Alipio, NC Bar No. 54738
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
calipio@williamsmullen.com

*Attorney for Plaintiffs*